Barton Walters, Circleville, for Mary J Lower Coleman, et.

W B Cockrell, Columbus, for Homer A Lee.

Ingalls & Selby and C M Gibson, all of Columbus, for Arthur H Lee and George W Lagore.

Before Judges HOUCK & LEMERT (5th Dist) and MAUCK (4th Dist)

Syllabus by PARDEE, J.

1. In the absence of a municipal ordinance or resolution establishing main thoroughfares in addition to those created by law and designating what vehicles shall have the right of way at intersections, the police department of a city does not have the power to make such designations, and its attempt to do so by the placing of legible and appropriate signs at such intersections, does not have any legal effect and does not deprive the driver of a motor vehicle of the rights at such intersections given him by the general laws of the state.

2. At the close of all of the evidence in a civil case, one of the two attorneys for the plaintiff made an opening argument to the jury; at the conclusion of which the attorney for the defendant declined to make an argument; thereupon the other attorney for the plaintiff asked and was granted permission by the trial court, over the objection and exception of defendant's attorney, to make an argument to the jury—both of said arguments being within the time allotted for that purpose to plaintiff's attorneys. The court then gave the attorney for the defendant another opportunity to make an argument to the jury under the changed circumstances, which he declined.

**Held:** that the trial court did not commit any prejudicial error, it not having abused its discretion under the circumstances.

(Editor's Note) This opinion will be published, in full, in other Ohio Publications. For citations, watch the **Omnibus Index.**

LEIST, Exr, etc v LEE et

Ohio Appeals, 4th Dist, Pickaway Co

Decided May 3, 1929

**LEMERT, J.**

The court coming to construe the will in question finds and determines as follows:

First. That the testator did not provide for the payment of the funeral expenses of the wife of George W. Lagore and the executor is not authorized to reimburse said Lagore for expenditures incurred by him in that behalf.

Second. That the testator did not contemplate that his widow should be buried by a surviving husband in a cemetery other than the one in which the testator was to be buried, and did not provide for a monument for the widow of George W. Lagore in such other cemetery, and the executor is without authority to erect such monument.

Third. The character of the estate devised to Homer Amos Lee and to Arthur H. Lee is not clearly fixed by the will. The testator by the first sentence above quoted in the present tense vests a remainder in fee in his two adopted sons in language sufficient to indicate a vested remainder. In the last sentence he uses contradictory language by providing "if for any cause said remainder in fee does not pass to my said adopted sons". Thus the first expression evidences his intention to create a vested remainder while the last expression indicates a purpose to create a conditional estate. As between the two alternatives the laws and policy of this state favor the vesting of estates. Our conclusion is that upon the death of the testator, Homer Amos Lee and Arthur H. Lee became vested with an estate in remainder subject to divestiture upon their refusal to remain and work with the testator's widow until they respectively arrived at the age of twenty one. They did not so refuse and consequently were never divested of their interest in the property.

The entry in this case will follow the entry in the Court of Common Pleas so far as that court gives a construction to the will before it. The entry in this court, however, will omit that part of the entry in the Common Pleas that undertook to make an order of distribution. The Common Pleas in the exercise of its original jurisdiction and this court in the exercise of its appellate jurisdiction has no power to make an order of distribution. That is within the exclusive jurisdiction of the Probate Court.

Decree as in Common Pleas.

Mauck and Houck, JJ, concur.